[Cite as *Todd v. Bd. of Trustees of Nimishillen Twp.*, 2011-Ohio-6045.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THOMAS TODD | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| THE BOARD OF TRUSTEES OF | : | Case No. 2011CA00057 |
| NIMISHILLEN TOWNSHIP | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2010CV03892



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            November 21, 2011



APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

JEFFREY JAKMIDES                     JOHN D. FERRERO
325 East Main Street                 Prosecuting Attorney
Alliance, OH  44601

                                     By: MICHAEL BICKIS
                                     110 Central Plaza South
                                     Suite 510
                                     Canton, OH  44702

*Farmer, J.*

{¶1}    Appellant, Thomas Todd, was a firefighter/paramedic with the Nimishillen Township Fire Department for twelve years.  Appellant was also a firefighter/paramedic for the City of Canton Fire Department for eleven years.  On September 23, 2010, appellee, the Board of Trustees of Nimishillen Township, held a disciplinary hearing involving appellant's failure to comply with certain training classes as set forth in the Nimishillen Township Fire Department Handbook.  Following the hearing, appellee found appellant's conduct constituted gross neglect of duty and terminated appellant's employment.

{¶2}    On October 21, 2010, appellant filed an appeal with the Court of Common Pleas of Stark County.  By judgment entry filed March 2, 2011, the trial court affirmed appellee's decision.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT ERRED IN DETERMINING THAT THE NIMISHILLEN TOWNSHIP BOARD OF TRUSTEES FOLLOWED THE DISCIPLINARY PROCEDURE SET FORTH IN THE NIMISHILLEN TOWNSHIP FIRE DEPARTMENT EMPLOYEE HANDBOOK."

II

{¶5}    "THE TRIAL COURT ERRED IN FINDING APPELLANT CONDUCT CONSTITUTED GROSS NEGLECT OF DUTY."

I

{¶6} Appellant claims the trial court erred in finding appellee did not violate its own disciplinary procedures set forth in the Nimishillen Township Fire Department Employee Handbook. We disagree.

{¶7} Appellee concedes Section N-601.2 et seq. of the handbook sets forth a step-disciplinary process for violations. However, appellee argues the overriding authority of R.C. 733.35-733.39 is controlling on questions of gross neglect of duty. R.C. 733.35-733.39 governs municipal corporations and gives the mayor the general right to remove a firefighter. R.C. 505.38 vests with the township trustees the ability to appoint a fire chief, and pursuant to Ohio Attorney General's opinion 1957 Ohio Atty.Gen.Ops. No. 912, has the same rights and duties conferred on municipal corporations for firefighters as set forth in R.C. 733.35-733.39.

{¶8} Included in the handbook are provisions for dispensing the step-disciplinary process for severe violations:

{¶9} "**N-601.2 Definitions of Disciplinary Actions:**

{¶10} "**N-601.2.1 Probation:** A period of not more than one (1) calendar year whereby the employee will be closely monitored for continued deficiencies in performance relating to the inception of the disciplinary action. Continued deficiencies will result in suspension or dismissal as deemed necessary.***

{¶11} "**N-601.2.2 Suspension:**

{¶12} "A period of not less than thirty (30) calendar days and not more than ninety (90) calendar days during which the employee shall be prohibited from performing said duties of the fire department.***

{¶13} "**N-601.2.3 Dismissal:** Termination of employment with the Nimishillen Township Fire Department.

{¶14} "**N-601.4 Disciplinary Actions:** Disciplinary actions will be in direct relationship to the offense. All disciplinary actions will be documented in the employee's permanent personnel file. Violations will be handled as follows:

{¶15} "a. First Offense – verbal warning

{¶16} "b. Second Offense – written and verbal warning – possible probation

{¶17} "c. Third Offense – thirty (30) to ninety (90) day suspension

{¶18} "d. Fourth Offense – dismissal

{¶19} "Severe violations may require severe disciplinary actions and may bypass any of the above."

{¶20} We find the statutory provisions and the wording in the handbook to be sufficient to empower the Fire Chief to bypass the step-disciplinary process.

{¶21} Upon review, we find the trial court did not err in finding appellee did not violate the disciplinary procedures in the Nimishillen Township Fire Department Employee Handbook.

{¶22} Assignment of Error I is denied.

II

{¶23} Appellant claims the trial court erred in finding his conduct constituted gross neglect of duty. We disagree.

{¶24} R.C. 2506.04 governs appeals from administrative agencies and states the following:

{¶25} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.  The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶26}  In *Henley v. Youngstown Board of Zoning Appeals,* 90 Ohio St.3d 142, 147, 2000-Ohio-493, citations omitted, the Supreme Court of Ohio discussed the difference between the standards of review to be applied by the trial court and the court of appeals:

{¶27} "Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals.  The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.***

{¶28}  "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is '*more limited* in scope.'  (Emphasis added.)***.  'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas

court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'***'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.***The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial.  Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'***"

{¶29}  Contained in the handbook is the step-disciplinary process.  However, as discussed supra, pursuant to R.C. 733.35-733.39, a fire chief may initiate termination based upon gross neglect of duty.  Further, Section 601.1 of the handbook gives a fire chief the right to determine discipline.

{¶30}  It is appellant's position that his failure to attend fifty percent of the required training classes on an annual level is not tantamount to "gross neglect of duty." Appellant argues the record fails to establish gross neglect of duty, the decision to remove appellant was far removed from the lack of training (eight months), and prior to the decision and the termination letter, Fire Chief Peterson considered appellant to be "a member in good standing."  T. at 53, 57.

{¶31}  Appellee's decision summarized the nature of the charges as follows:

{¶32}  "Chief Richard Peterson testified that Mr. Thomas Todd attended only 11 training sessions out of 47 offered in the year 2009.  This amounted to only 23.4% attendance of the total trainings offered.  The fire department had a requirement that firefighters attend at least 50% of all trainings offered.  When he (Chief Peterson) and Assistant Chief Tesch spoke with Mr. Thomas Todd about his deficiency in July of 2009,

he admitted that he knew of the requirement, he knew that he did not attend the meetings, and indicated that he did not feel that he should have to attend them because in his opinion they were not worthwhile trainings. Chief Peterson further testified that this lack of training constituted a dangerous safety liability. He further testified that he met with all of the individuals who had fallen short of the training requirements and that Mr. Thomas Todd was not singled out for termination. In fact, Thomas Todd was the only firefighter who was significantly short on his requirements who did not voluntarily resign his position. He testified that the fire department handbook gave him, the assistant chief, and the division chiefs the right to discipline any firefighter for a violation of the regulations contained therein."

{¶33} In its decision, appellee found the following facts in pertinent part:

{¶34} "Mr. Thomas Todd stated that he was frustrated with the content of the Nimishillen Township training classes.

{¶35} "Mr. Thomas Todd stated that he only attended trainings that he received a certificate for attending.

{¶36} "Training requirements are different between Nimishillen Township and the City of Canton.

{¶37} "The equipment used by Nimishillen Township and the City of Canton is different.

{¶38} Chief Peterson testified that the failure to attend fifty percent of the training sessions "creates a dangerous safety liability." T. at 6. Captain Burns of the City of Canton Fire Department testified that appellant was fully qualified and trained as a Canton Fire Department member. T. at 44-46. However, Captain Burns admitted that

training for the Canton Fire Department does not equate to the training in Nimishillen Township.  T. at 49.

{¶39}  We find appellee had before it evidence presented by Chief Peterson that the failure to attend fifty percent of the training classes was gross neglect of duty.  This is further substantiated by the fact that appellant only attended eleven out of forty-seven training sessions (23.4%), well below the fifty percent requirement.  Although Chief Peterson may have been slow to react to appellant's delinquencies, he did not schedule appellant for duty from June to August.

{¶40}  Upon review, we find the record contains credible evidence that appellant's failure to attend the training sessions constituted gross neglect of duty.

{¶41}  Assignment of Error II is denied.

{¶42}  The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____

JUDGES

SGF/sg 1025

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THOMAS TODD | : | |
| Plaintiff-Appellant | : | |
| -vs- | : | JUDGMENT ENTRY |
| THE BOARD OF TRUSTEES OF NIMISHILLEN TOWNSHIP | : | |
| Defendant-Appellee | : | CASE NO. 2011CA00057 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia A. Delaney_____

JUDGES